# Taylor *v.* Liverpool & London & Globe Ins. Co., Appellant.

*Insurance—Fire insurance—Insurance broker—Oral contract.*

A person cannot recover from a fire insurance company on an alleged oral contract of insurance made through an "insurance broker, permitting him to choose which company shall become the any commission from the company, or that directly or indirectly he was on its pay roll, or that the company had ever authorized him to make the contract in question.

Where a person desiring to have his property insured applies not to any particular company, or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, the broker is the agent of the insured and not of the insurer.

Where a trustee in bankruptcy takes out through an insurance broker, a fire insurance policy in his own individual name on the bankrupt's property, and subsequently requests by letter the broker to procure a proper policy in his name as trustee, enclosing his check as trustee to the order of the broker, and the broker endorses it over to the insurance company, which refuses to issue a policy to a trustee in bankruptcy, the trustee cannot recover against the insurance company for loss on the ground that there was an oral contract of insurance with him.

Argued Nov. 20, 1916. Appeal, No. 60, Oct. T., 1916, by defendant, from judgment of C. P. Chester Co., Jan. T., 1915, No. 49, on verdict for plaintiff in case of Harry F. Taylor, Trustee in Bankruptcy for Harry Klingerman, v. Liverpool & London & Globe Insurance Co., Ltd. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on an alleged contract of fire insurance. Before JOHNSON, P. J., specially presiding.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $512.83. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*F. R. Shattuck* and *C. W. Talbot,* for appellant.—Robert T. Darrah was not the agent of the defendant, at any time, but, on the contrary, was an ordinary insurance broker, and in this transaction acted solely and entirely for the plaintiff, and not for the defendant: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Hale v. Hale, 32 Pa. Superior Ct. 37; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Cleaver v. Garner, 133 Pa. 419; Ryder v. Jacobs, · 182 Pa. 624; Friedman v. Urmann, 28 Pa. Superior Ct. 440.

*George B. Johnson,* with him *Walter S. Talbot,* for appellees.

OPINION BY HEAD, J., July 13, 1917:

If the plaintiff has exhibited a cause of action against the defendant, it is conceded it must rest on a contract. The plaintiff was the trustee in bankruptcy of an insolvent debtor. The latter owned certain farm property with buildings thereon. On April 13, 1914, one of these buildings was destroyed by fire following a stroke of lightning.

The nominal plaintiff, the trustee, suing in the name and for the benefit of the bankrupt or his estate, claims the defendant, a foreign insurance company lawfully doing business in Pennsylvania, must indemnify him against the loss to the property resulting from the fire. If such contract of indemnity exists, it is not evidenced by the policy of insurance which is the usual and ordinary instrument by which such companies acknowledge their liability. The plaintiff has no such policy and does not undertake to ground his action on a contract in writing. He declares his demand "is founded upon an oral contract to insure the buildings......made by the defendant company by or through its agent, Robert T. Darrah." It, therefore, became of vital importance to the plaintiff to establish by evidence some authority in the alleged agent to bind the defendant in this unusual way.

It is clear enough both from the pleadings and the evidence produced, the general business of Darrah was that of an "insurance broker." There is not a hint in what was proven that he ever held any commission from the defendant company, or that directly or indirectly he was on its pay roll. Of course, this does not necessarily exclude the conclusion that in this particular case he may have represented the company. But if that conclusion can be supported, it must be because the facts proven compel such an inference to be drawn. It has nothing on which it can rest that is affirmed by the positive or direct testimony of any witness.

The status of an insurance broker is not usually a debatable question. Where a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer.

It appears that a policy of insurance was procured by Darrah from the defendant company insuring Taylor,

an individual, against loss by fire on the property afterwards destroyed, for one year from February 4, 1914. Taylor did not own the property described in the policy, but was merely the trustee in bankruptcy for the owner. Realizing, no doubt, that the policy of insurance issued to him, as the sole and unconditional owner of the property, would not be adequate, he returned the policy to Darrah from whom he had received it in a letter dated February 17, 1914. In his letter he asked to have the policy so modified as to make it appear the insurance was not for his own benefit, but for the benefit of the estate of the debtor for which he was trustee. In that letter he enclosed a check for the amount of the premium to the order not of the insurance company, but of Darrah, which was signed by him as trustee for his insolvent debtor. That check was endorsed by Darrah, forwarded to the defendant company and went into its general company account. Darrah evidently sent the check and the policy to the manager of the defendant company with a request that the form of the policy should be changed to meet the views of Taylor.

The affidavit of defense discloses that on the 21st of February, the day following the receipt by the company of the letter of Darrah, the manager of the company wrote Mr. Darrah: "As we previously advised you, this company does not issue policies on farm property in the name of a trustee in bankruptcy. We will keep the insurance binding in the name of Harry F. Taylor, trustee in bankruptcy, etc., until March 15th. We are holding the policy pending your further advices."

No policy ever was issued to the trustee. We do not deem it material to inquire into or comment upon the account between Darrah and the defendant company relating to matters of ordinary occurrence. It does appear with reasonable certainty upon a careful reading of the record, there is lacking any sound or sufficient foundation for the conclusion that Darrah was an agent of the defendant company, invested with authority to bind

it in the unusual way claimed by the plaintiff. The plaintiff's case, lacking this essential support, must fail.

A verdict should have been directed in favor of the defendant. A point praying for such direction having been refused a judgment should have thereafter been entered non obstante veredicto.

The judgment is reversed, and the record is remitted to the court below with directions to enter judgment for the defendant notwithstanding the verdict.