## Talley v. Hoffman

*Williamson & Cupp*, for plaintiff.

*Furst, McCormick, Muir, Lynn & Reeder*, for defendant.

GREEVY, J., APRIL 22, 1959.—This is an action in assumpsit wherein George W. Talley, trading and doing business under the name and style of Williamsport Insurance Agency, is plaintiff and Harry E. Hoffman and William Q. Wright, copartners trading and doing business under the firm name and style of Hoffman and Wright, are defendants.

The case was tried by the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §688, et seq.

The material facts are these: Plaintiff instituted the action to recover the sum of $1,399.11, for premiums on fire insurance policies written by plaintiff for the account of defendants. Defendants admitted owing $1,345.62, but claim of plaintiff $10,776.45, being the amount of their unpaid judgment against the Valley Forge Mutual Fire Insurance Company arising out of

a fire loss, on the basis that plaintiff who had written the policy knew two months prior to defendants' fire that the Valley Forge Mutual Fire Insurance Company had been suspended by the Insurance Commissioner of the Commonwealth of Pennsylvania but had not notified defendants or replaced the insurance for defendants' account. It was stipulated by counsel that the amount of premiums owed plaintiff by defendants is $1,345.62 . . .

## Discussion

It is stipulated by counsel that defendants are indebted to plaintiff in the amount of $1,345.62, for unpaid fire insurance premiums and on the counterclaim the underlying facts are not in dispute.

Plaintiff represented 15 fire insurance companies and secured the insurance coverage on defendants' property against fire loss in companies of plaintiff's own choosing; $20,000 of this coverage plaintiff placed with the Valley Forge Mutual Fire Insurance Company. Defendants' property was destroyed by fire and subsequently they recovered a judgment against the Valley Forge Mutual Fire Insurance Company in the amount of $10,766.45, for its pro rata share thereof, which amount has not been paid. Defendants' claim is against plaintiff to recover this amount on the basis that plaintiff knew two months before defendants' fire that the Valley Forge Mutual Fire Insurance Company had been suspended by the Insurance Commissioner of the Commonwealth of Pennsylvania but had not notified defendants of this fact nor replaced this amount of insurance for defendants' account with another company. Further, defendants did not know of the suspension of the Valley Forge Mutual Fire Insurance Company until after they suffered the fire loss.

The question before us is whether an insurance agent or broker who procures for an insured a policy of fire insurance in a solvent company and who there-

after receives notification from the insurance company issuing the policy that such insurance company has been suspended by the Commissioner of Insurance from transacting business, owes to the insured a duty of notifying him to that effect, or in the alternative owes to the insured a duty of attempting to place the insurance with some other company represented by the agent or broker. Technically there is a distinction between insurance agents and insurance brokers and whether a person is one or the other necessarily depends upon the particular facts of each case. However, a person may be both an insurance agent and insurance broker.

An insurance broker is defined as a person, copartnership or corporation who for compensation acts or aids in any manner in obtaining insurance for a person other than himself or itself. See The Insurance Department Act of May 17, 1921, P. L. 789, sec. 621, 40 PS §251.

"An insurance broker is ordinarily one who is engaged in the business of procuring insurance for such persons as apply to him for the service": 1 Goldin, Law of Insurance in Pennsylvania, §75, p. 49.

An insurance broker is one who represents several insurance companies and who secures insurance coverage for the customers in companies of his own choosing unless directed otherwise by the customers, and is primarily the agent of the insured, not the insurer: 2 Couch, Cyclopedia of Insurance Law, §452, p. 1297; 1 Goldin, Law of Insurance in Pennsylvania, §127, p. 79.

An insurance broker is the general agent of the insured for the procuring of a policy and remains the insured's agent during the term of the insurance policy. See La France Workshop Lampshade Company, Inc., v. Buffalo Insurance Company of Buffalo City, 318 Pa. 191.

"Where a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer": Taylor v. Liverpool & London & Globe Ins. Co., 68 Pa. Superior Ct. 302, 304.

George W. Talley, plaintiff, was an insurance broker and the agent of Harry E. Hoffman and William Q. Wright, trading as Hoffman and Wright, defendants, under the evidence as presented before us.

"It is . . . the duty of the agent to give to his principal all information relating to the subject matter of his agency coming to the knowledge of the agent while acting as such": Kribbs v. Jackson, 387 Pa. 611, 619. See also A. L. I. Restatement of the Law of Agency 2d, §381.

"Among the general duties of the agent is the duty to give his principal timely notice of every fact or circumstance which may make it necessary for the latter to take measures for his security, and if he fails to do so, the agent is chargeable with a dereliction of duty": 1 P. L. E., Agency, §42, p. 498.

"An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance . . .

"If the agent or broker fails to act with the proper and customary skill and care generally used by those in a like business, such neglect or breach of duty will render him liable in damages, not exceeding the amount of insurance he was employed to effect . . .

"It is generally considered that if the neglect or breach of duty of such broker results in loss to his principal, the broker is liable to the same extent as the insurer would have been liable had the insurance been

properly effected, and must pay the resulting loss": 16 Appleman, Insurance Law and Practice, §8841, p. 300.

A principal may sue his agent to recover damages for all losses sustained by him because of the agent's breach of duty. The general rule is that an agent, in executing his agency, is required to exercise the degree of care which an ordinarily prudent person would exercise under the circumstances. If he fails to exercise such ordinary care, he is liable to the principal for all losses sustained by him in consequence thereof. Specifically, an insurance broker is under a duty to exercise the care that a reasonably prudent businessman in the brokerage field would exercise under similar circumstances and if the broker fails to exercise such care and if such care is the direct cause of loss to his customer, then he is liable for such loss unless the customer is also guilty of failure to exercise care of a reasonably prudent businessman for the protection of his own property and business which contributes to the happening of such loss.

Plaintiff received notice in September of 1954 from the Valley Forge Mutual Fire Insurance Company that it had been suspended from the transaction of further business by the Insurance Commissioner of the Commonwealth of Pennsylvania. Plaintiff did not advise defendants of this fact and by concealing and withholding it from the principal until after the principal suffered the fire loss, plaintiff violated his duty as a fiduciary. Defendants had no knowledge of the suspension and in no way contributed to the happening of their loss.

We agree with President Judge Kreisher, who in a case very similar to the one before us, stated:

"It is the Court's opinion that defendant had full knowledge of the financial condition of this company and that he chose to gamble that no fires would occur

during the term of the outstanding policy and that by doing so he subjected himself to personal liability, which in our opinion could have been easily and promptly avoided by a mere letter or postcard to his policyholders that the company in which they were insured was suspended from doing business because of insolvency.

"By reasons of the frailties of human nature and the manner in which the average American businessman conducts his business and deals with his insurance agent, he reposes great trust and confidence in that agent and leaves the entire matter of his continued insurance protection in the agent's hands knowing that in the usual and ordinary course of events, if for one reason or another his protection is terminated, that that agent will immediately notify him and seek to secure his complete protection by some other method or at least give that businessman an opportunity to do so": McCormick v. Shuman (No. 2), 15 D. & C. 2d 660, 669-670.

Our finding is in favor of plaintiff and against defendants in the amount of $1,345.62 on his claim, and in favor of defendants and against plaintiff in the amount of $10,766.45, on the counterclaim, or a net finding in favor of defendants in the amount of $9,-420.83, with interest from November 28, 1954. Upon plaintiff's payment of the judgment defendants shall assign their judgment against Valley Forge Mutual Fire Insurance Company to plaintiff, under the right of subrogation. . . .

### Verdict

And now, to wit, April 22, 1959, at 11 a.m., the trial judge sitting as a judge without a jury, finds in favor of defendants, Harry E. Hoffman and William Q. Wright, trading as Hoffman and Wright, a partnership, and against plaintiff, George W. Talley, trading as Williamsport Insurance Agency, in the amount of

$9,420.83, with interest from November 28, 1954, the same being the amount of the counterclaim less the amount admitted to be due plaintiff on the original claim.

Upon payment of this judgment defendants shall assign their judgment against Valley Forge Mutual Fire Insurance Company to plaintiff.

Notice of the verdict shall be forthwith given by the prothonotary to the parties or their counsel and if no exceptions are filed in the proper office within 30 days after service of such notice, judgment shall be entered hereon by the prothonotary.