## Taylor et al., Appellants, *v.* Crowe.

Argued March 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS and BARBIERI, JJ.

472

reargument refused November 16, 1971.

*Stephen N. Lipton,* with him *Henry H. Wallace,* and *Wallace and Lipton,* for appellants.

*Andrew L. Weil,* with him *Frederick N. Egler, Fred Mercer, Jr., Egler, McGregor & Reinstadtler,* and *Mercer & Buckley,* for appellees.

*J. N. Poffinberger, Jr.,* with him *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

Appellants are the owners of a bowling alley in Wilkins Township, Pennsylvania. Crowe and his agency (jointly hereinafter referred to as "Crowe") had been advising appellants in connection with the insurance needs of the various businesses in which they were engaged for many years. When their bowling alley building was completed in 1960, appellants sought comprehensive coverage for both the building and equipment, believing that such coverage would protect them, *inter alia,* against the perils of landslide. They learned that such coverage was available from the Brunswick Com-

pany, from which appellants had purchased their equipment. However, Crowe represented to appellants that he could obtain the same coverage offered by Brunswick at a substantially lower premium. Crowe placed the coverage on the equipment with one group of appellees, Preferred Mutual Underwriters (Preferred), an association of six separate fire insurance companies. Their insurance was placed through Preferred's agent, Hood Brothers of Washington, Pennsylvania. Crowe placed the coverage on the building with Pennsylvania Threshermen and Farmers' Mutual Fire Insurance Company, and the Washington County Insurance Company (hereinafter referred to collectively as "Threshermen").

On February 14, 1961, six months after the policies went into effect, a landslide occurred and damaged appellants' building and equipment. Contrary to the representations of Crowe, the policies of insurance provided no protection to appellants against the risk of landslide.

Appellants brought suit in trespass against both groups of insurance companies and Crowe, claiming damages for Crowe's negligent misrepresentations as to the extent of the insurance coverage which he had procured. At the close of appellants' evidence, the insurance companies all sought and were granted points for binding instructions. The case was then submitted to the jury only as to Crowe. The jury returned a verdict in favor of appellants and made special findings of fact that Crowe had misrepresented to appellants that they were being covered by landslide insurance, and as a result of Crowe's failure to provide landslide insurance, appellants suffered a loss of $129,937, plus compensation for delay in payment in the sum of $40,-899.21.

Appellants filed motions for a limited new trial to determine whether the insurance companies were liable

for the negligent misrepresentations made by Crowe, whom appellants alleged was acting in the course of his employment as agent for the insurance companies at the time of such negligent misrepresentations. These motions were denied by order of court dated February 6, 1970, and judgment was entered for both groups of appellees. Appellants then brought this appeal.

The trial court gave two reasons for directing a verdict in favor of the appellee insurance companies. First, the court believed that evidence of prior oral statements by Crowe that appellants would be insured against the risk of landslides would be inadmissible under the parol evidence rule. In addition, the court believed that there was insufficient evidence to submit to the jury the question of whether the alleged misrepresentations made by Crowe were made in the scope of his employment while he was acting as agent for the insurance companies.

We need not reach the question of whether, because of the peculiar nature of insurance contracts, parol evidence should be admissible to hold an insurance company liable for the negligent misrepresentation of its agents as to the coverage of a particular policy. In this case, no matter how that question were to be answered, appellants could not recover, because all of the evidence indicates that Crowe was not the agent of the companies at the time the misrepresentations were made.

At trial, appellants emphasized that Crowe had a written agency "producer" contract with both members of the Threshermen group. However, at trial, one of the appellants testified as follows: "Mr. Crowe and his agent was a representative of our company all together. We relied on him to cover us in every phase of our work in the construction field. . . . He had complete charge of our insurance. . . . Our confidence in Mr.

Crowe and the Crowe Agency was one hundred per cent as far as insurance was concerned . . . we put all our trust in Mr. Crowe. . . . You trust a man to go out and buy you the best insurance you can get. . . . I find out now that there is eight insurance companies involved in this thing . . . it didn't concern me where he was getting it [insurance] or who he was getting it from so long as he got it for me . . . that was his business."

On the basis of this testimony, we agree with the trial court that the case comes squarely within the law enunciated in *Taylor v. Liverpool & L & G Ins. Co.,* 68 Pa. Superior Ct. 302, 304 (1917) : "Where a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer."

Our conclusion is supported by the discussion found in Couch on Insurance, 2d, Section 25.95: "A broker may be found to have acted on behalf of the insurer in negotiations between the latter and the insured so as to be deemed the agent of the insurer and not the insured . . . but there must be some evidence of an authorization, or some fact from which a fair inference of an authorization by the company might be deduced to make an insurance broker the agent of the company. . . ." Here, there was no evidence of authorization by the companies that Crowe act as their agent.

The case for Preferred is even stronger because Crowe did not even have contact with those companies. He approached them through another broker, Hood Brothers, which placed the coverage. Moreover, Crowe did not even know with which of the companies Hood would place the coverage.

Appellants also emphasize what they consider to be an admission by Crowe that he was the agent for Preferred, acting in the scope of his employment when he procured the policies. In appellants' complaint, they averred, *inter alia*, as follows: "39. Previous to August 4, 1960, the defendants, Crowe and Crowe Agency, acting as agents and representatives of defendants, Preferred Mutual Underwriters, and acting within the course and scope of their said employment and authority, agreed and undertook with plaintiffs to procure insurance policies and insurance protection on the bowling alleys and pinsetter equipment."

Crowe made no answer to these averments and this paragraph was read to the jury, which has led appellants to conclude that there was sufficient evidence for the jury to find that Crowe was in fact the agent of Preferred, acting within the scope of his employment, when he made negligent misrepresentations that the policies covered the risk of landslides. However, the trial court quite correctly stated that these admissions could be considered only as evidence against Crowe, not against the insurance companies. There was absolutely no evidence that Crowe was the agent of the insurance companies so as to make them liable for his misrepresentations.

Judgment affirmed.

Mr. Justice POMEROY took no part in the consideration or decision of this case.