SELECTED RISKS INSURANCE CO.

v.

**Thomas SCHWABENBAUER, Jr.**

Civ. A. No. 79–4177.

United States District Court,
E. D. Pennsylvania.

March 25, 1982.

Charles W. Craven, Marshall Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for plaintiff.

George Daghir, St. Marys, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

On July 22, 1978, a Chevrolet pick-up truck was struck by a train at a grade crossing in Elk County, Pennsylvania, and three of the truck passengers were killed. Several law suits were brought against Thomas Schwabenbauer, Jr., the owner and operator of the truck at the time of the accident. Subsequently, Schwabenbauer made a demand upon Selected Risks Insurance Co. ("Selected Risks") to defend those suits and for indemnity against any resulting loss. The policies at issue were issued to Mr. Schwabenbauer's father.

The present action was commenced by Selected Risks seeking a declaratory judgment that it is not obligated to defend or indemnify Schwabenbauer in any suits arising out of the accident. Jurisdiction is based on diversity of citizenship.[1] 28 U.S.C. § 1332.

Before the court are cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons which follow, summary judgment will be granted in favor of the defendant.

## BACKGROUND OF THE CASE

In the early part of June 1978, Schwabenbauer, Jr., seeking to obtain insurance coverage for his truck, contacted Deitman & Bauer Insurance Agency ("Deitman & Bauer"), an authorized agent of Selected Risks. A policy was issued effective June 14, 1978 and provided liability coverage up to $50,000 per person and $100,000 per accident.

On July 6, 1978, less than one month after the effective date of the policy issued to the defendant, the defendant's father requested Deitman & Bauer to cancel defendant's policy and add the truck to the father's existing policies which were also issued by Selected Risks. Deitman & Bauer communicated this request to Selected Risks and shortly thereafter the truck was listed on the father's primary policy (No. L

---

1. Both parties have cited Pennsylvania case law in their briefs, therefore, I will assume that Pennsylvania law applies. *Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264 (3d Cir. 1980).

61928) which provided comprehensive automobile insurance with limits of liability of $300,000 per person and $300,000 per accident, and it was also added to the father's umbrella policy (No. UB 6019) which afforded $1,000,000 coverage over and above the primary policy. The premium on the primary policy was increased as a result of the addition of the son's truck and both policies were in effect and paid up on the date of the accident. Further, the father's policy as originally issued provided for an additional premium because a youthful driver would be operating the listed vehicle.

Selected Risks claims that it is not obligated to the defendant under either of the father's policies because the terms and conditions of those policies clearly state that coverage is afforded only to the named insured, i.e., the father, or another driver driving a vehicle owned by the insured which is listed on the policy.[2] As the vehicle involved in the accident was owned by the defendant and not the person insured, Selected Risks maintains there is no coverage for the accident.

The defendant does not contest the fact that he was the sole owner of the vehicle at the time of the accident but asserts that Selected Risks should be estopped from denying coverage.

█ Cross motions for summary judgment, such as the ones presently before me, are no more than a claim by each side that it alone is entitled to summary judgment. However, the mere fact that such inherently contradictory claims have been made does not constitute an agreement that if one is rejected the other is necessarily justi-

fied. *Newark Morning Ledger Co. v. United States*, 539 F.2d 929 (3d Cir. 1976); *Rains v. Cascade Industries, Inc.*, 402 F.2d 241 (3d Cir. 1968). The standards to be applied in deciding cross motions for summary judgment are the same as those applied when only one party has filed a summary judgment motion. *Daburlos v. Commercial Insurance Co.*, 367 F.Supp. 1017 (E.D.Pa.1973). Thus, the granting of summary judgment in the present case is warranted only if the moving party is entitled to judgment as a matter of law upon facts that are not generally disputed. *Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408 (3d Cir. 1976).

The parties have stipulated to the facts. The question presented by the motions is whether Selected Risks can avoid coverage of the defendant under the literal language of the policies.

Selected Risks cannot avoid the policy if it had knowledge that the vehicle it was adding to the father's coverage was owned by the son. In *Headley's Express and Storage Company v. Pennsylvania Indemnity Corporation*, 319 Pa. 240, 178 A. 816 (1935), the court held that where the insurance carrier had knowledge of facts sufficient to put it on inquiry and where carrier's agent was expressly informed of the true facts as to ownership, the carrier cannot disclaim on the basis of a provision inconsistent with those facts. So it seems to me that the issue here is what notice the company or agent had.

█ As a general rule, an insurance broker is initially the agent for the insured. *Couch on Insurance*, 2d § 25.95. However,

2. The primary policy (No. L 61928) states in pertinent part:

II PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured...
(c) any other person while using an owned automobile...
The term "owned automobile" is defined in pertinent part in Section V of the policy as follows:
(a) an automobile which is owned by the named insured and described in the declaration.

The umbrella policy (No. UB 6019) states in pertinent part:
V DEFINITION OF NAMED INSURED: "named Insured" means the person or organization named in the declarations...
The unqualified word "Insured" includes the named insured and also:
(b) any person while using, with the permission of the named insured, any automobile owned by or hired for use by or on behalf of the named insured...

in Pennsylvania, "[a] broker may be found to have acted on behalf of the insurer in negotiations between the latter and the insured so as to be deemed the agent of the insurer and not the insured ... but there must be some evidence of an authorization or some fact from which a fair inference of an authorization by the company might be deduced to make an insurance broker an agent of the company." *Taylor v. Crowe*, 444 Pa. 471, 475, 282 A.2d 682 (1971) *citing Couch, supra.* In the present case, it is clear that Selected Risks authorized Deitman & Bauer to act as its agent when it entered into a written agency agreement (Exhibit F). Section 8 of this agreement specifically provides:

> 8. BINDERS, POLICIES, CERTIFICATES CLAIM AND CLAIM INFORMATION
>
> A. The Agent is authorized on behalf of the Company, during the term of this agreement to bind and execute contracts of insurance subject to such restrictions as may be specified in the Agent's handbook of general information.

Thus Deitman & Bauer, having the express authority to bind Selected Risks, was clearly its agent, *see, Sands v. Granite Mutual Insurance Co.*, 232 Pa.Super. 70, 331 A.2d 711 (1974), and therefore if Deitman & Bauer had knowledge of the fact that the truck was not owned by the defendant's father, this knowledge is imputed to Selected Risks. *Headley's Express & Storage Co. v. Pennsylvania Indemnity Corporation, supra.*

 When the defendant contacted Deitman & Bauer to secure insurance for the truck, one of Selected Risks standard application forms was filled out, listing the defendant as the registered owner of the truck. (Exhibit D). Therefore, Deitman & Bauer, and its principal, Selected Risks, are chargeable with the knowledge that the defendant was the owner of the truck with regard to the defendant's policy (No. F69572178A). The question then becomes whether Selected Risks may be charged with this knowledge in connection with the father's policies (No. L 69128 and No. UB 6019).

This knowledge can be inferred from the simultaneous processing by Deitman & Bauer of the cancellation of the son's policy and the transfer of the vehicle to the father's policies. As noted above, this knowledge can be imputed to the plaintiff Selected Risks.

By endorsement No. 12, plaintiff added the pick-up truck involved in the accident to the father's policies with knowledge that it was owned by the son. It cannot now avoid the obligation of the policies by pleading a provision inconsistent with that coverage.

Accordingly, I conclude that the defendant is entitled to a judgment against the plaintiff declaring that plaintiff is obligated to defend actions instituted against defendant as a result of the motor vehicle accident which occurred on July 22, 1978, and that plaintiff is obligated to indemnify defendant against sums that are recovered against him in those actions.