**TERRA NOVA INSURANCE CO., LTD.**

v.

**THEE KANDY STORE, INC., t/a the Moonglow Supper Club, et al.**

Civ. A. No. 87–5306.

United States District Court,
E.D. Pennsylvania.

Jan. 19, 1988.

Jonathan Dryer, Philadelphia, Pa., for Terra Nova.

Abe Lapowsky, Philadelphia, Pa., for Moonglow and Watsons.

Linda Battistini, Philadelphia, Pa., for Mark Kinsey.

J. Vincent Roche, Philadelphia, Pa., for William Curry.

BENCH OPINION

NEWCOMER, District Judge.

I. FINDINGS OF FACT

The following facts have been stipulated by all parties:

1. Plaintiff is a citizen of the United Kingdom.

2. All defendants are citizens of Pennsylvania.

3. This case involves the respective rights and liabilities of the parties under an insurance contract which provides, if applicable, $50,000.00 in liability insurance for the Watson and Moonglow defendants.

4. Defendant Thee Kandy Store, Inc. operates a bar and restaurant known as the Moonglow Supper Club. Doris Watson is the principal of Thee Kandy Store, Inc., a Pennsylvania corporation, and Edward Watson is an agent of that corporation.

5. Defendant William Curry is the owner of the premises on which the Moonglow Supper Club is located.

6. Defendant Mark Kinsey is an individual who has brought suit against the other named defendants in the Court of Common Pleas for Philadelphia County, June Term 1986, No. 3404 (the "underlying action").

7. Mr. Kinsey's complaint against the other defendants herein arises exclusively from an incident which allegedly took place on or about November 24, 1985.

8. The claims advanced by Mr. Kinsey are set forth in his complaint, a true and correct copy of which was admitted in evidence as plaintiff's Exhibit "2".

9. Pursuant to Policy No. 85TN110120, plaintiff agreed to provide liability insurance in the amount of $50,000.00 to the Watson and Kandy Store defendants for the period from May 30, 1985 to May 30, 1986.

10. The Watson and Kandy Store defendants did not deal directly with plaintiff in obtaining Policy No. 85TN110120.

11. Defendant Edward Watson engaged the services of an insurance brokerage known as Kelly, Fair, Inc. to obtain insurance coverage for the Moonglow Supper Club.

12. Larry Ewer was the individual at Kelly, Fair who dealt with Mr. Watson in the procurement of the insurance policy in question.

13. Mr. Watson did not specify that his coverage should be placed with any particular company. Rather, that decision was left to Mr. Ewer, who was instructed to obtain the requested coverage for the lowest possible premium.

14. Neither Mr. Ewer nor Kelly, Fair had an agency agreement of any nature with plaintiff Terra Nova Insurance Company, Ltd., and neither was authorized by plaintiff to place policies on plaintiff's behalf.

15. In order to obtain insurance coverage for the Watson and Moonglow defendants, Mr. Ewer contacted the Tri–State General Insurance Agency, Ltd., an insurance wholesaler with limited authority to contract on behalf of plaintiff Terra Nova Insurance Company, Ltd. and other carriers.

16. Mr. Ewer requested a quotation from Tri–State General for property and general liability coverage for the Moonglow Supper Club.

17. Mr. Ewer knew prior to his request to Tri–State for a quotation that any policy issued by Tri–State or one of the insurers it represented would exclude coverage for assault and battery and liquor liability claims.

18. Tri–State provided a quote for the coverage Mr. Ewer requested.

19. Mr. Ewer decided to accept Tri–State's quotation for coverage for the Moonglow and Watson defendants.

20. Before communicating his acceptance to Tri–State, Mr. Ewer requested and received a downpayment from Edward Watson for the premiums which would be due when the policy went into effect.

21. At the time he accepted the quotation for coverage for the Moonglow Supper Club, Mr. Ewer knew that the coverage ultimately provided would exclude claims for assault and battery.

22. Mr. Ewer did not communicate to Mr. Watson the fact that the policy contained the assault and battery exclusion, and Mr. Watson has denied receiving a copy of the policy.

23. After Mr. Ewer accepted Tri–State's quote, several copies of a cover page and supporting forms comprising the insuring agreement between plaintiff and Watson and Moonglow defendants were forwarded from Tri–State to Kelly, Fair.

24. The policies sent to Tri–State to Kelly, Fair were accompanied by an invoice requesting payment by Kelly, Fair of the gross premium due for the policy, less Kelly, Fair's commission.

25. Kelly, Fair deducted its commission from the amounts received from Mr. Watson and forwarded the balance to Tri–State.

26. The copy of the policy intended by Tri–State for forwarding to the Watson and/or Moonglow defendants and received by Kelly, Fair for that purpose included all of the forms on the policy admitted in evidence as plaintiff's Exhibit "3".

27. Specifically, the policy included an assault and battery exclusion which stated as follows: It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the assured.

28. Upon receipt of Mr. Kinsey's complaint, the Watson and Moonglow defendants requested a defense from plaintiff Terra Nova Insurance Company, Ltd.

29. Plaintiff refused to provide a defense because it believes the claim advanced by Mr. Kinsey is excluded from the coverage afforded under Policy No. 85TN110120 by virtue of the assault and battery exclusion.

30. Mr. Kinsey is not pursuing a claim related to liquor liability in the underlying action.

31. The Watson and Kandy Store defendants deny that the alleged assault ever occurred.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction over this declaratory judgment action to determine insurance benefits pursuant to 28 U.S.C. § 1332(a)(2) because plaintiff is a citizen of the United Kingdom and the defendants are citizens of Pennsylvania and the amount in controversy exceeds $10,000 exclusive of interest and costs.

2. Plaintiff Terra Nova is only obligated to defend its insureds whenever a complaint filed by an injured party *potentially* states a claim within the policy's coverage. *Pacific Indemnity Company v. Linn*, 766 F.2d 754, 760 (3rd Cir.1985); *C.H. Heist Caribe Corporation v. American Home Assurance Company*, 640 F.2d 479, 483 (3rd Cir.1981).

3. Mr. Kinsey's complaint in Common Pleas Court alleges as follows:

On or about November 24, 1985 [Mr. Kinsey] was lawfully at the premises at 32 South Bank Street when he was physically beaten and violently assaulted by employees of the [Moonglow], causing plaintiff serious personal injuries and other damages more particularly described herein.

■ 4. Although Mr. Kinsey claims that the defendants in his Common Pleas action were negligent in preventing the assault and battery, this allegation is not sufficient to avoid a properly executed assault and battery exclusion. Regardless of the language of the allegations, the original cause of the harm arose from an alleged assault and battery. *Terra Nova Insurance Company, Ltd. v. The Powhattan Club, Inc.*, C.A. No. 86–7413, slip op. (E.D.Pa. October 16, 1987) [Available on WESTLAW, 1987 WL 18590] (J.M. Kelly, J.); *St. Paul Surplus Lines Insurance Company v. 1401 Dixons*, 582 F.Supp. 865 (E.D.Pa.1984) (Giles, J.); *Sauter v. Ross Restaurants, Inc.*, C.A. No. 80–1202 (E.D.Pa. May 21, 1981) (Pollak, J.). Consequently, I find that the assault and battery claim in Mr. Kinsey's Common Pleas action would not be covered by Terra Nova's insurance due to the assault and battery exclusion.

■ 5. Defendants claim that the exclusion is inapplicable in this case because defendant Moonglow and the Watsons, the insureds, did not receive a copy of the insurance policy from insurer Terra Nova. I cannot agree with that line of reasoning. The defendants Moonglow and the Watsons did receive a copy of their policy constructively when Kelly, Fair, the broker from whom the insurance was procured, received the policy from Tri–State and ultimately Terra Nova. Kelly, Fair was clearly acting as defendants Moonglow and the Watsons' agent when it procured the insurance in question here. *Taylor v. Crowe*, 444 Pa. 471, 282 A.2d 682 (1971). When a person desiring insurance applies not to any particular company or its known agent, but to an insurance broker permitting him to choose which company shall become the insurer, the broker is the agent of the insured, not the insurer. *Taylor v. Crowe*, 444 Pa. 471, 475, 282 A.2d 682, 683 (1971). There must be additional evidence of authorization or other circumstances to find the broker acting as the insurer's agent. *Id.* That authorization or other circumstance is lacking here. Kelly, Fair was not authorized to place policies on Terra Nova's behalf. It was required to purchase Terra Nova insurance through Tri–State, a more likely candidate for an agency relationship with Terra Nova.

The case at bar is factually dissimilar to *Sands v. Granite Mutual Insurance Company*, 232 Pa.Super. 70, 331 A.2d 711 (1974), cited by defendant Mark Kinsey as controlling under these circumstances. The facts in *Sands* demonstrated the broker's authority to bind the insurer which are not present in this case.

Consequently I find that Terra Nova fulfilled its responsibility when it sent a copy of the insurance policy to Kelly, Fair. The fact that Kelly, Fair, the insured's agent,

did not supply a copy to Moonglow or the Watsons should not bar application of the Assault and Battery exclusion.

6. In accordance with these findings and conclusions I find that plaintiff Terra Nova has no obligation to defend or indemnify any of the defendants herein arising from the incident which is the subject matter of defendant Kinsey's complaint in the Court of Common Pleas.