**Verna Hall EDDY, et al., Appellants,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Defendant,**

**Rollie M. Martin, Respondent.**

**No. 49564.**

Supreme Court of Minnesota.

March 7, 1980.

---

Robert C. Onan, Jr., St. Paul, for appellants.

O'Connor & Hannan and Kenneth B. Jones, Jr., Minneapolis, for respondent.

Heard before SHERAN, C. J., OTIS and KELLY, JJ. and considered and decided by the court en banc.

SHERAN, Chief Justice.

Plaintiff, Verna Hall Eddy, the named beneficiary of a life insurance policy which was to be issued by defendant, Republic National Life Insurance Company (Republic), on the life of her husband who was employed by plaintiff Datco Specialty Lighting Company, Inc. and Datco of Hawaii, Inc., together appeal from a judgment entered in the Hennepin County District Court dismissing their suit against defendant Rollie M. Martin. Plaintiffs settled with defendant Republic and argue that, nevertheless, they should be allowed to litigate whether defendant Martin was acting as a broker and is therefore still liable. We agree with the plaintiffs that the trial court erred in dismissing their suit against Martin, and we consequently reverse and remand.

Early in 1976, the Datco Companies asked Rollie Martin to obtain a second tier of group life term insurance coverage for employees of the four Datco Companies. Rollie Martin is an experienced group life insurance agent and broker who had previously submitted other insurance applications on Datco's behalf to various insurance companies. Martin submitted an application to Republic for coverage on the lives of 15 Datco employees, including Thomas Dodd Eddy. Republic issued an insurance

policy. The policy, however, named only Datco Specialty Lighting Company, Inc. as group policyholder and omitted Datco of Hawaii, Inc. for which Mr. Eddy worked. The certificate issued to Mr. Eddy designated his wife, plaintiff Verna Hall Eddy, as beneficiary. Mr. Eddy died approximately six months later. Republic refused to pay insurance proceeds to Verna Eddy, claiming that Mr. Eddy was not an employee of Datco Specialty Lighting Company, Inc., the named policyholder.

In December 1977, plaintiffs filed a $25,000 suit against Republic for breach of contract and reformation of contract and against Martin for negligence and misrepresentation. The defendants answered the complaint and cross-claimed for contribution or indemnity against their respective co-defendant.

On September 20, 1978, reserving their right to continue against Martin, plaintiffs settled the case with Republic and issued a release for which they received $17,500. At a special session, Martin moved for a summary judgment on the ground that release of Republic released him. After considering the pleadings and submitted discovery, the trial court ruled that since a genuine issue of material fact existed as to whether Martin was an agent or a broker who would have independent liability, it would be inappropriate to grant a summary judgment.

On October 30, 1978, in the chambers of another trial judge, Martin moved to dismiss the case on the ground that there was no issue as to Martin's status as an agent for Republic. In support of his motion, Martin relied upon paragraph 15 of the complaint in which plaintiffs called Martin an "agent" for Republic. Since Martin conceded in his answer that he was an agent for Republic by admitting paragraphs 1 to 27 of the complaint, there was no disagreement in the pleadings as to Martin's status as an agent. Martin thus argued that dismissal was required because the pleadings failed to state a cause of action against Martin once Republic had been released.

Plaintiffs responded by citing answers to interrogatories in which Republic had de-

nied that Martin was its agent. When it was brought to their attention that those responses had neither been sent to Martin nor filed with the court, plaintiffs argued that the third and fourth causes of action stated in the complaint (negligence and misrepresentation) had put Martin on notice concerning the broker/agent issue. Plaintiffs also asserted that the issue had been raised during Martin's deposition.

Plaintiffs moved, however, "as a protective measure," to add a paragraph to the complaint in which they would claim that Martin was a broker. Martin objected to this as untimely and as a surprise. The court denied the motion to amend the complaint and stated that it didn't have the authority to continue the case.

Plaintiffs renewed their argument that the negligence and misrepresentation causes of action placed Martin on notice of the broker/agent issue. The trial court rejected this argument on the ground that the causes of action could have been brought whether Martin was an agent or a broker so they did not, in and of themselves, put Martin on notice that he would have to litigate his status. The court dismissed plaintiffs' suit because it found that there was no issue as to Martin's status as an agent.

While it is generally the rule that an insurance company is liable for the torts of its agents when they are acting within the scope of their employment, see *Morrison v. Swenson*, 274 Minn. 127, 142 N.W.2d 640 (1966); 4 *Couch on Insurance* § 26:433 (2d ed. 1960), before that rule can be applied it is essential to determine whether the person claimed to be an agent was, in fact, acting in that capacity. A person who procures insurance for others can be an insurance agent, an insurance broker, or both. The essence of the difference is that whereas an insurance agent acts on behalf of a particular insurance company, an insurance broker acts on behalf of the prospective insured. In which capacity a person is acting is a question of fact. *Morrison v. Swenson, supra*, quoted in *Automated Systems, Inc. v. Nat'l Indem. Co.*, 269 N.W.2d 749, 752

(Minn.1978). A broker is independently liable to the insured in either contract or tort for failing to procure insurance as instructed, *Consolidated Sun Ray, Inc. v. Lea*, 276 F.Supp. 132 (E.D.Pa.1967), *affirmed* 401 F.2d 650 (3d Cir. 1968), *cert. denied*, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); 16 J. Appleman, *Insurance Law and Practice* § 8841 at 514–15 (rev.1968), but an agent's liability may be affected by the settlement of his principal. The capacity in which Martin was acting must therefore be established before the impact of Republic's settlement on his liability, if any, can be ascertained. Martin's liability as a broker is limited to the difference between what the plaintiffs have received and the face value of the policy to which they were entitled. *Gothberg v. Nemerovski*, 58 Ill. App.2d 372, 208 N.E.2d 12 (1965); 16 J. Appleman, *Insurance Law and Practice* § 8841 (rev.1968).

Since Martin may have been independently liable as a broker, which is a question for the fact finder, we reverse and remand this case. The trial court can either allow the plaintiffs to amend their pleadings and grant a continuance so that defendant Martin can prepare his defense or proceed with the pleadings as they stand.

Reversed and remanded.

TODD, J., took no part in the consideration or decision of this case.