**Fran McDONOUGH, Angela McDonough, and Winkel's Inc., d.b.a. Fran McDonough's Bar & Restaurant, Appellants,**

**v.**

**BRITE LITE ELECTRIC COMPANY, Respondent.**

**No. 50799.**

Supreme Court of Minnesota.

April 3, 1981.

Robins, Davis & Lyons and James D. Steiner, Robert M. Wattson, and Peter Mayrand, Minneapolis, for appellants.

Bassford, Heckt, Lockhart & Mullin and Jerome C. Briggs and John M. Anderson, Minneapolis, for respondent.

WAHL, Justice.

This appeal is taken from a judgment of the Ramsey County District Court finding defendant Brite Lite Electric Company not liable for damages resulting from a fire in the business premises owned by plaintiffs Fran and Angela McDonough. The trial court denied plaintiffs' motion for a new trial. We affirm.

The McDonoughs acquired a building called the "Mohawk Bar" in 1972, which had contained a bar and bowling alley business. They changed the name to "Fran McDonough's" and planned to convert the bowling alley portion of the building into a supper club facility. Fran McDonough hired Brite Lite Electric Company (hereinafter Brite Lite) to do the electrical work required for the remodeling. Brite Lite would not give a bid because of the indefinite scope of remodeling, charging instead "so much an hour per electrician and price of materials" for "work as directed by owner."

During remodeling McDonough was at the bar on a daily basis, telling the plasterers, electricians and other workers what he wanted done. There were no printed blueprints, drawings or plans describing the re-

modeling. McDonough testified that Brite Lite was hired to do work as directed by himself, not to design an electrical system. He did not hire an electrical engineer to help design an electrical plan but himself decided where outlets and fixtures should be located.

Brite Lite's employee, Robert Gontarek, a licensed journeyman electrician, did most of the electrical work. During the course of his work, Gontarek discovered a preexisting No. 2 gauge aluminum wire leading from a 100 amp breaker panel in the basement of the building to a 100 amp service panel on the first floor. McDonough refused to have the aluminum wire, which was in compliance with the electrical code, replaced by a copper wire. Brite Lite rewired 75 percent of the first floor only.

In 1974, McDonough did further remodeling to convert a portion of the building into a night club and again hired Brite Lite to do the electrical work. After the conversion, McDonough hired nude dancing girls and, according to his testimony, his business sky-rocketed.

In 1975, a fire broke in the basement of the restaurant near the area of the electrical panels, destroying the building. The cause of the fire was uncertain. The appellants' expert witness testified that in his opinion the fire was caused by a combination of the aluminum wiring used to service the 100 amp panel and the overloading of the panel.

The trial court, though instructing the jury that "the mere fact that a fire has occurred does not of itself mean that anyone has been negligent * * *," gave a general negligence instruction as to each party and gave an instruction on the duty of care of the owner of the building.

The jury found by special verdict that the respondent was not negligent and that there was no breach of warranty. The jury found that appellants and Northern States Power Company were negligent but that their negligence was not a direct cause of the fire.

Appellants in this court argue that the trial court's instructions of law on the standard of care applicable to plaintiffs and with respect to the St. Paul liquor licensing ordinance were erroneous, confusing and prejudicial. We conclude that the errors assigned could have had no impact on the jury verdict. Even if a better instruction on the standard of care applicable to the owner should have been given and the jury did assess to plaintiffs some fault which should have been attributable to Brite Lite, the jury's finding of lack of causation between negligence and plaintiffs' damages makes any such error harmless. The jury could have found on the evidence that any alleged problems with the electrical system did not cause the fire. The issue of the effect of the court's instruction on damages is moot.

Affirmed.