**Thomas YULE, et al., Appellants,**

v.

**IOWA NATIONAL MUTUAL INSUR-ANCE CO., First National Agency, Inc., et al., Respondents.**

**No. C3-85-2005.**

Court of Appeals of Minnesota.

July 15, 1986.

Review Denied Sept. 22, 1986.

Paul Widick, Stephen R. Van Drake, Van Drake & Van Drake, Ltd., Brainerd, for Thomas Yule, et al.

James L. Schulze, Walker, for Iowa Nat. Mut. Ins. Co.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for First National Agency, Inc., et al.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellants, Thomas and Beth Yule, sued respondents, appellants' insurance agency (First National Agency, Inc.) and appellants' insurance carrier (Iowa National Mutual Insurance Co.) for damages resulting from failure to procure insurance which appellants allegedly requested. The jury found appellants were entitled to $10,000 insurance coverage on the warehouse lost in the fire and denied further coverage. Appellants moved for a new trial, claiming that the trial court erroneously instructed the jury as to the burden of proof; erroneously limited appellants' potential recovery to the amount of insurance available under a reformed insurance contract, thereby excluding the possibility of consequential damages; and failed to apply the comparative fault act. Appellants appeal from the denial of their motion for new trial. We reverse and remand for trial.

## FACTS

In 1980, appellants purchased a wholesale potato business and bought personal and commercial insurance from the Verndale branch of the First National Agency (Agency). The policy provided $20,000 contents coverage and no coverage for the warehouse building. Lester Davidson of Agency handled the Yules' account.

Yules' business expanded. Thomas Yule claims that he wrote Davidson a note instructing him to raise coverage limits on the warehouse building and contents of machinery and inventory. The note stated: "Les, total wherehouse [sic] to $20,000 and contents to $40,000 have 50 to $60,000 inventory potatoes and bags plus machinery at $15,000." The agent did not raise the coverage limits, and a fire totally destroyed

the building and contents on July 29, 1982. Appellants claim that the fair market value of the warehouse building was $25,000 to $30,000; the value of the inventory was $44,000; and the value of the machinery was $15,000.

A note in Davidson's handwriting, stating that building coverage was $10,000, was found attached to the policy. Davidson testified that Beth Yule had asked for $10,000 coverage at the annual review of their policies in 1981. When reviewing the policy after the fire, Davidson advised appellants that the building was covered for $10,000. The jury found coverage in this amount.

Iowa National refused to pay more than the $20,000 contents coverage, and appellants sued.

## ISSUES

1. Did the trial court err by instructing the jury that the Yules' claim was for contract reformation and that the Yules had to prove their claim by clear and convincing evidence?

2. Did the trial court err by instructing the jury that the Yules' damages were limited to the difference between what they received and the face value of the policy to which they were entitled?

3. Did the trial court erroneously apply the Comparative Fault Act, Minn.Stat. § 604.01 (1984)?

## ANALYSIS

### I.

*Burden of Proof*

The Yules claim that theirs was not an action for contract reformation. They claim the trial court therefore erred in instructing the jury that clear and convincing proof was required. We agree.

The facts fit a negligence theory. Appellants claim that Davidson owed a duty to respond to their request for increased coverage and failed to do so. *Johnson v. Farmers & Merchants State Bank,* 320

N.W.2d 892, 898 (Minn.1982), in which an insurance agent was sued for negligence, states:

> An insurance agent has the duty to exercise the standard of skill and care that a reasonably prudent person engaged in the insurance business will use under similar circumstances.

This is the general law of negligence. The burden of proof in a negligence case is preponderance of the evidence. *See also Backus v. Ames,* 79 Minn. 145, 147–8, 81 N.W. 766, 766 (1900) ("the rules of evidence applicable to an action for negligence, as distinguished from one on contract, apply to this case").

The trial court relied on *Tollefson v. American Family Insurance Co.,* 302 Minn. 1, 226 N.W.2d 280 (1974) a declaratory judgment action. Concerning the appropriate burden of proof, *Tollefson* quoted *Glaser v. Alexander,* 247 Minn. 130, 137, 76 N.W.2d 682, 686 (1956):

> Where the right of reformation is predicated upon mutual mistake, and there is no evidence of fraud or inequitable conduct, the evidence to justify reformation must be clear, precise, and convincing.

*Tollefson,* 302 Minn. at 7, 226 N.W.2d at 284. *Tollefson* is distinguishable from this case. Here, appellants assert no right of reformation. Their claim is not predicated upon mutual mistake, fraud, or "inequitable conduct." [1] Appellants do not claim that Davidson told them that they were covered for $20,000 on the building and $40,000 on the contents. They do not claim mistake as to the status of the insureds or their property. They claim that Davidson failed in his duty to respond to their request for increased coverage. This is the essence of a negligence action.

Respondents rely on *Kashmark v. Western Insurance Companies,* 344 N.W.2d 844 (Minn.1984), also a declaratory judgment action, where respondent, son of the named insured, sought a judicial determina-

tion that he was entitled to uninsured motorist coverage. The son had moved from his father's residence, thereby excluding himself from uninsured motorist coverage under the policy's terms. The supreme court reversed the trial court's finding of coverage, stating:

> Although [the son] did not expressly seek reformation and although the trial court did not characterize its action as reformation, the effect of its determination was to reform the policy to make [the son] an additional named insured.

*Id.* at 847. The court concluded: "[T]here is no basis upon which [the son] can qualify as an insured * * * unless the policy is reformed." *Id.* at 848.

We distinguish this case from *Kashmark* where the plaintiff sought coverage under the policy. Here, appellants do not seek coverage under their policy, *but rather damages caused by the agent's negligent failure to procure insurance.* Included in those claimed damages are amounts appellants would have received if coverage had been obtained. Appellants also sought lost profits which they claim they would have earned if the increased coverage amounts had been paid them in time to salvage their potato business.

■ We hold that the trial court erred in instructing the jury on the clear and convincing burden of proof standard used in contract reformation cases when the evidence and the theory of the case called for application of the negligence burden of proof, i.e. proof by a preponderance of the evidence, a lesser standard. Neither party disputes that if there was error in the burden of proof instructions to the jury that it was prejudicial. The two standards present significantly different burdens to a plaintiff. Thus, we hold that the erroneous jury instruction was prejudicial and requires a new trial. *McDonough v. Brite Lite Electric Co.,* 304 N.W.2d 28, 29 (Minn.

---

**1.** Agency's reliance on Black's Law Dictionary's definition of "reformation" is also misplaced. Reformation remedies the failure of instruments due to fraud or mutual mistake. Black's Law Dictionary 1446 (5th ed. 1979). Appellants make no claim that the policy failed or that there was fraud or mutual mistake.

1981) (erroneous jury instructions must be prejudicial to warrant reversal).

## II.

*Damages*

The trial court sustained appellants' objection to expert evidence on lost profits. Appellants offered to prove that had respondents paid even $10,000 on the loss within 60 days of the fire, appellants could have salvaged their business, and certain profits would not have been lost. The business ceased after the fire. The court instructed the jury to consider as damages only the amount of insurance coverage allegedly requested by appellants. The special verdict form was limited accordingly.

We are cognizant of *Eddy v. Republic National Life Insurance Co.*, 290 N.W.2d 174 (Minn.1980) upon which the trial court and respondents rely. The issue in *Eddy* was whether appellants raised a factual issue concerning defendant's status as a broker or an agent. *Eddy* is distinguishable because measurement of damages due to negligent failure to procure insurance was not at issue in *Eddy*.

■ While we do not direct the trial court one way or another concerning admissibility of evidence on remand, we note that this is a negligence case, and that, as a general rule, compensatory damages are available if proven. *See Backus*, 79 Minn. at 147–48, 81 N.W.2d at 766 (ordinary rules of negligence apply to negligent failure to procure insurance). Lost profits, if proven to be proximately caused by defendant's negligence, may be recovered. *Rum River Lumber Co. v. State*, 282 N.W.2d 882 (Minn.1979). The trial court may refuse to admit the evidence if the damages are uncertain, remote, or speculative. *See Carpenter v. Nelson*, 257 Minn. 424, 428, 101 N.W.2d 918, 921 (1960). The court must determine which damage issues to submit to the jury at the conclusion of the new trial. The determination must be based on the evidence presented and the theory of the case.

## III.

*Comparative fault*

Appellants claim that the trial court erred by refusing to instruct the jury on the comparative fault of all three parties. *See* Minn.Stat. § 604.01, subd. 1 (1984). On remand the trial court should submit the issue to the jury if warranted by the evidence submitted at trial. *Maday v. Yellow Taxi Co. of Minneapolis*, 311 N.W.2d 849, 851 (Minn.1981) ("Where the facts reasonably tend to show negligence on the part of both defendants, submission of a comparative negligence question is proper.")

### DECISION

The trial court erred by instructing the jury that appellants' burden was to prove their claim by clear and convincing evidence. Appellants' claim was for negligence, not for contract reformation. On remand the trial court should give whatever damage instructions fit the evidence and appellant's theory of the case, and should give a comparative fault instruction if the evidence produced at trial so warrants.

Reversed and remanded.