DAMON'S MISSOURI, INC. *v.* DAVIS ET AL., APPELLEES; FIREMAN'S
FUND INSURANCE COMPANIES, INC., APPELLANT.

[Cite as *Damon's Missouri, Inc. v. Davis* (1992), 63 Ohio St.3d 605.]

(No. 91–292—Submitted January 21, 1992—Decided May 6, 1992.)

606

*Lane, Alton & Horst, Rick E. Marsh* and *John A. Fiocca, Jr.,* for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, Steven B. Ayers* and *Robert C. Buchbinder,* for appellant.

HOLMES, J. The ultimate issue before the court concerns the vicarious liability of an insurer for the errors in judgment of its independent insurance agents. Specifically, we must determine whether at the time Davis was interpreting the Damon's Missouri location lease, as not to require insurance coverage on the building occupied by Damon's, Davis was acting as Fireman's Fund's insurance agent. For the reasons that follow, we answer such query in the negative.

In determining whether Davis's misreading of the lease is properly chargeable to Fireman's Fund, the appellate court considered both the express

written agency agreement between Affiliated Risk and Fireman's Fund, and R.C. 3929.27, which defines an insurance agent.

Appellees rely upon the following portion of Affiliated Risk's written agency agreement with Fireman's Fund as support for their assertion that Davis was an agent for Fireman's Fund:

"By signing this agreement, you become an agent for the company or companies indicated above.  * * *

" * * *

"As our agent you may offer and receive proposals for insurance for the lines of business indicated in the SCHEDULE.  You may also accept and bind proposals for insurance as provided in the SCHEDULE OF COMMISSIONS AND LIMITS OF AUTHORITY forming part of this agreement.  You may exercise your authority as our agent in the state where your office is located. You may also do this in any other state that allows you to transact insurance. You are subject to any restrictions that state law may impose on you."

It is a principle of agency law that an agent, acting within the scope of his actual authority, expressly or impliedly conferred, can bind the principal. *Saunders v. Allstate Ins. Co.* (1958), 168 Ohio St. 55, 58–59, 5 O.O.2d 303, 305, 151 N.E.2d 1, 4.  As we recently noted in *Master Consolidated Corp. v. BancOhio Natl. Bank* (1991), 61 Ohio St.3d 570, 574, 575 N.E.2d 817, 820, " ' * * * [e]xpress authority is that authority which is directly granted to or conferred upon the agent or employee in express terms by the principal, and it extends only to such powers as the principal gives the agent in direct terms; and the express provisions are controlling where the agency is expressly conferred.  * * * ' " (Citing *Stevens v. Frost* [1943], 140 Me. 1, 7, 32 A.2d 164, 168.)  The agent's implied authority may also arise from the express delegation of actual authority and unless its extent is otherwise expressly limited, implied authority carries with it the power to do all that which is reasonably necessary to carry into effect the power actually conferred. *Spengler v. Sonnenberg* (1913), 88 Ohio St. 192, 200–201, 102 N.E. 737, 739.

We cannot conclude that, based upon the facts and circumstances of the case at bar, Fireman's Fund intended Affiliated Risk to act as its sole agent for purposes of soliciting business on the insurance company's behalf.  While it is true that Fireman's Fund gave Affiliated Risk the power to act on its behalf, such power was given only to enable Affiliated Risk to function as an insurance broker.  To assert that the written agency agreement binds Fireman's Fund to each and every act taken by Davis in his business as an independent insurance agent is to deny the fact that he had similar relations with other insurance companies.  It cannot be reasonably concluded that the

agency agreement between Affiliated Risk and Fireman's Fund operates to bind Fireman's Fund to Davis's failure to properly interpret the lease.

Additionally, Affiliated Risk contends that R.C. 3929.27 creates an agency relationship as a matter of law. The court of appeals, in reversing the trial court, adopted this position.

R.C. 3929.27 states the following:

"A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy."

The above-cited provision is a codification of the common-law rule that "the acts of an agent within the scope of what he is employed to do and with reference to a matter over which his authority extends are binding on his principal." *Saunders, supra,* 168 Ohio St. at 58–59, 5 O.O.2d at 305, 151 N.E.2d at 4. It was designed to protect an insured by imputing conduct of a soliciting agent to the principal, the insurer. However, while R.C. 3929.27 identifies the insurance company as the party chargeable with any responsibility for knowledge or acts of its soliciting agent, this section is not determinative of the scope of the agent's authority. *Stuart v. National Indemn. Co.* (1982), 7 Ohio App.3d 63, 68, 7 OBR 76, 80, 454 N.E.2d 158, 164.[2]

We find that R.C. 3929.27 does not make Fireman's Fund vicariously liable for Davis's misreading of the lease. Mere consultation of the potential insured, a customer of the insurance broker, is not tantamount to "solicitation" for purposes of R.C. 3929.27. At the time Davis interpreted the lease as not to require coverage on the building, he was performing activities particular to his role as an insurance broker, not as a soliciting agent. His error occurred not when he was acting as agent for Fireman's Fund, one of the

---

2. An insurance sales agency owes its customer a duty to exercise good faith and reasonable diligence in undertaking to acquire the needed insurance coverage. *First Catholic Slovak Union v. Buckeye Union Ins. Co.* (1986), 27 Ohio App.3d 169, 170, 27 OBR 202, 203, 499 N.E.2d 1303, 1305. See, also, *Stuart v. National Indemn. Co., supra; Consolidated Sun Ray, Inc. v. Lea* (C.A.3, 1968), 401 F.2d 650; *Barnes v. Metropolitan Life Ins. Co.* (Mo.App.1981), 612 S.W.2d 786, 787 ("Missouri does recognize that under certain circumstances an insurance agent may be held to owe certain duties to his clients and may be liable for a negligent breach of such duties"). " * * * [W]here a principal suffers loss through his agent's failure to function in accordance with his duty, the agent becomes liable to the principal for the resulting damages." *Miles v. Perpetual Savings & Loan Co.* (1979), 58 Ohio St.2d 93, 95, 12 O.O.3d 106, 108, 388 N.E.2d 1364, 1366. Moreover, courts have held that it is the agent's principal who is entitled to recovery for any damages resulting from the agent's failure to procure the needed insurance coverage. See *Wright Body Works, Inc. v. Columbus Interstate Ins. Agency* (1974), 233 Ga. 268, 270, 210 S.E.2d 801, 803; *Nahmias Realty, Inc. v. Cohen* (Ind.App.1985), 484 N.E.2d 617, 620.

several companies he was authorized to represent, but when he was in the process of determining the types of coverage he would place with certain companies. As the error occurred in the pre-application stage, the agency relationship with Fireman's Fund had not yet ripened. Davis was an insurance broker and as such was under no agreement that obligated him to secure the needed coverage with only one particular insurer. Also, the record contains no evidence that Davis had designated to his customer which company he would contact in order to procure the needed insurance coverage. For a discussion concerning the responsibilities and status of insurance brokers, see, generally, 3 Couch on Insurance 2d (1984), Section 25:95.

We conclude that the appellate court, in reversing the decision of the trial court, failed to properly recognize the distinction between an "insurance agent" and an "insurance broker." Whereas an "insurance agent" acts solely on behalf of the identified insurer, an "insurance broker" is customarily not held out as the authorized representative of one particular insurance company. Although this court has never specifically passed on this point, other jurisdictions have addressed the distinction. *Eddy v. Republic Natl. Life Ins. Co.* (Minn.1980), 290 N.W.2d 174, 176 ("A person who procures insurance for others can be an insurance agent, an insurance broker, or both."); *Naulty v. OUPAC, Inc.* (La.App.1984), 448 So.2d 1322, 1327 (emphasizing that the distinction lies in the broker being able to place the coverage with any insurer selected by the potential insured or himself, in the absence of a selection); see, also, *Automobile Underwriters, Inc. v. Hitch* (1976), 169 Ind.App. 453, 349 N.E.2d 271; *Lazzara v. Howard A. Esser, Inc.* (C.A.7, 1986), 802 F.2d 260. We find the discussion of one commentator, in 3 Couch on Insurance 2d, *supra*, at 442–443, Section 25:93, to be particularly instructive:

"An 'insurance broker' is one who acts as middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an 'insurance agent' is one who represents an insurer under an employment by it. Whether a person acts as a broker or agent is not determined by what he is called but is to be determined from what he does. In other words, his acts determine whether he is an agent or a broker."

The distinction between an "insurance agent" and an "insurance broker" is reflected in the Ohio Revised Code. R.C. 3905.01(A)(1) provides a definition for the term "agent," which reads as follows:

" 'Agent' means a person who is appointed, in compliance with this chapter, by an insurer to solicit applications for a policy or contract of insurance or to negotiate a policy or contract of insurance on its behalf."

Under Ohio law, an insurance broker is referred to as an "independent insurance agent." R.C. 3905.47(A) defines the term "independent insurance agent" accordingly:

"As used in this section and section 3905.50 of the Revised Code, 'independent insurance agent' means *an insurance agent who is neither employed nor controlled solely by an insurer,* whose agency contract with an insurer provides that upon termination of the contract, the ownership of the property rights of all expiration information vests in the agent or his heirs or assigns, and whose agency contract with an insurer permits the agent to represent concurrently other insurers of his choice." (Emphasis added.)

Therefore, it is readily apparent from the above provisions that exclusivity of control is at the heart of the distinction between an insurance agent and an insurance broker. While both types of agents solicit insurance business from the public, an insurance agent has a fixed, permanent and exclusive relationship with the insurance company that the agent represents. An insurance broker, on the other hand, is not restricted to representing one company. Instead, he acts as a middleman between his customer and the potential insurer, and once having received an order the insurance broker places the insurance with the company selected by the insured or, in the absence of any selection by the insured, with the company selected by such broker.

In *Taylor v. Crowe* (1971), 444 Pa. 471, 282 A.2d 682, the Supreme Court of Pennsylvania found in a case factually similar to the one at bar, that the insurance broker was the agent of the insured and not the agent of the insurance companies at the time the broker misrepresented the extent of coverage he had procured. Specifically, in *Crowe,* an insurance broker had been advising the insured for many years in connection with the insurance needs of a number of businesses in which the insured was engaged. In one particular instance, the insured contacted his broker about a newly constructed bowling alley and wanted to obtain comprehensive coverage for the building and equipment which would give protection, *inter alia,* against the danger of a landslide. After assuring his client that such risks would be covered, the broker placed the coverage on the building with one insurance company and coverage on the equipment with another. A landslide occurred damaging the building and equipment several months later, and it was discovered that the policies did not provide coverage. The insured brought suit against the insurance companies and his insurance broker based on a theory of negligent misrepresentation as to the extent of insurance coverage.

On appeal, the Supreme Court of Pennsylvania noted the testimony at trial which indicated that the insured entrusted all of his insurance requirements to the broker, leaving the choice of the best possible policy and/or insurance

company to the broker's discretion. On this basis, the *Crowe* court applied *Taylor v. Liverpool & L & G Ins. Co.* (1917), 68 Pa.Super. 302, 304, 282 A.2d 682, which provides:

"Where a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer."

Other courts have concurred with the result reached above and have found that insurance brokers, at certain times given the factual stance of the case, are properly considered as the insured's agent rather than the insurer's agent. In *Eddy v. Republic Natl. Life Ins. Co., supra,* 290 N.W.2d at 176, the Supreme Court of Minnesota held that in procuring insurance for others a person can be considered an insurance agent, an insurance broker, or both. "The essence of the difference is that whereas an insurance agent acts on behalf of a particular insurance company, an insurance broker acts on behalf of the prospective insured." *Id.* See, also, *Stockberger v. Meridian Mut. Ins. Co.* (1979), 182 Ind.App. 566, 576, 395 N.E.2d 1272, 1278 ("Generally an agent representing several companies * * * is considered to be an insurance broker. The negligence of a broker as opposed to that of an agent is not imputed to the insurer.").

Accordingly, we hold that while an insurance broker (or independent insurance agent) is investigating the insurance requirements of his or her customer, the potential insured, such broker is not an agent for a particular insurer. However, an insurance broker becomes an agent for a particular insurer when: (1) the broker notifies its customer that he or she intends to place the customer's insurance coverage with a particular insurer; or (2) the broker accepts an application for insurance on behalf of the customer.

Although the determination of whether a person is an agent is usually a question of fact for a jury, we will determine Davis's capacity as a matter of law because the relevant facts here are not in dispute. From the record and stipulated facts, it is patently clear that Affiliated Risk was an insurance broker and not an exclusive agent for Fireman's Fund. The evidence is uncontradicted that Davis and Affiliated Risk solicited policies of insurance, not only for Fireman's Fund, but for several other insurance companies. In fact, the parties stipulated before the court of common pleas that "[p]rior to and at the time of the fire loss, Damon's utilized the services of Davis as its insurance agent. Mr. Davis is an *independent insurance agent, having contractual arrangements with several insurance companies, including Fireman's."* (Emphasis added.) Also stipulated was the fact that when Simonetti contacted Davis to obtain insurance coverage for the new restau-

rant, Simonetti expressed no preference with regard to any specific insurance company. Simonetti merely handed Davis a copy of the lease that was to apply to the new location and said: "Get me the insurance that I need." Simonetti relied on his agent, as he had done numerous times in the past, to examine all possible sources of coverage and to procure an insurance policy as required by the terms and conditions of the lease. Thus, Davis was left to negotiate with various insurance companies and find the best deal.

Having held that when a broker investigates the insurance needs of his customer he is not acting in the capacity of an agent for the insurance company which thereafter issues the policy, we conclude that the court of appeals erred in applying the principle of vicarious liability to bind Fireman's Fund.

Accordingly, Fireman's Fund cannot be held culpable for Davis's error and, therefore, the judgment of the court of appeals is reversed, and that of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

H. BROWN, J., dissents.