16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 INTERNATIONAL VISUAL COMMUNICATIONS, INC. d/b/a Inventive
Images, Inc., Plaintiff-Appellant,
v.
THOMSON DIGITAL IMAGE S.A., et. al., Defendants-Appellees.
 No. 92-3710.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1994.
 
 Before: MILBURN and NORRIS, Circuit Judges; WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, International Visual Communications, Inc. dba Inventive Images, Inc., appeals the order of the district court granting summary judgment to defendants. Plaintiff contends that there were genuine issues of material fact to resolve concerning its claims for breach of contract, fraud, tortious inference with a business relationship, and appropriation of business opportunity. Because we disagree, the judgment of the district court will be affirmed.
 
 
 2
 Most of the claims were governed by the law of agency, since plaintiff's theories of recovery essentially depended upon binding defendant, Thompson Digital Image S.A. (TDI), to a written agreement which was dated September 15, 1988, and signed by plaintiff and Rainbow Images. Plaintiff maintains that Rainbow was TDI's agent and had the authority to bind TDI, as its principal, to the terms of the agreement. According to plaintiff, TDI gave Rainbow express authority to negotiate the agreement in the course of an August 1988 telephone conversation between Rainbow's Russell Runge and TDI's Jean Charles Hourcade.
 
 
 3
 However, even plaintiff's version of that telephone conversation does not describe language or conduct that resulted in Rainbow being clothed with the express authority to enter into the September 15, 1988 agreement on TDI's behalf. The conversation must be viewed in the context of all the summary judgment evidence.
 
 
 4
 The written distribution agreement which governed the relationship between Rainbow and TDI, and predated the telephone conversation, specifically prohibited Rainbow from undertaking any obligations on TDI's behalf, and required that any changes in the distribution agreement be made in writing. Notwithstanding this requirement of a writing, plaintiff says the telephone conversation extended Rainbow's authority. But even if we were to say that the writing requirement was no impediment to an oral amendment of the written agreement, we nevertheless are not at liberty to give to the telephone conversation the expansive reading urged by plaintiff. Hourcade, at most, authorized Rainbow to convey to plaintiff TDI's willingness to develop the interfaces within a reasonable time. Clearly, that authority is not the same thing as the authority for Rainbow to enter into a contract with plaintiff, on TDI's behalf, binding TDI to develop the interfaces, or the authority to designate plaintiff as the exclusive marketer of the modified software. Furthermore, the September 15, 1988 agreement does not purport to make TDI a party; the only reference to TDI in the agreement is a recitation that Rainbow was the "exclusive licensee" of TDI. The agreement does not say TDI will do anything. Instead, it expressly binds Rainbow to develop the interfaces "to the extent they are capable." The agreement was signed by Rainbow without any mention that it was signing in a capacity as agent for TDI.
 
 
 5
 Furthermore, TDI cannot be said to have clothed Rainbow with the apparent authority to bind it to the contract, since plaintiff presented no evidence that TDI, by its own conduct, had given Rainbow the appearance of having that authority prior to September 15, 1988. And although Leonard Bergenstein did spend some time later that fall with TDI, plaintiff does not contend that TDI's conduct on that occasion ratified action Rainbow had earlier taken to bind TDI without having had the authority to do so. Accordingly, the district court correctly applied Ohio law to the circumstances before it on summary judgment. See, e.g., Damon's Missouri, Inc. v. Davis, 63 Ohio St.3d 605, 590 N.E.2d 254 (1992); Master Consol. Corp. v. BancOhio Nat'l Bank, 61 Ohio St.3d 570, 575 N.E.2d 817 (1991).
 
 
 6
 Although we disagree with the district court's reasoning in disposing of the tortious interference claim, we agree that the claim was properly dismissed, since plaintiff's summary judgment evidence does not establish that defendant Schlumberger quoted an exorbitant price for a maintenance contract.
 
 
 7
 All other issues raised by the appeal are affirmed upon the reasoning of the district court found in its Memorandum Opinion filed on June 17, 1992.
 
 
 8
 For the reasons stated above, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation