[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Marvin Butts d/b/a Mr. Bubbles appeals the judgment of the Hamilton County Court of Common Pleas, Small Claims Division, awarding $2245 to plaintiff-appellee Cintas Corporation on its claim for breach of contract. Butts presents on appeal two assignments of error. Finding neither assignment to have merit, we affirm the judgment of the trial court.
 {¶ 3} The record reveals that Butts owned and operated a car-detailing business under the name "Mr. Bubbles." In October 2001, Donna Tanner, representing herself as the office manager for Mr. Bubbles, contacted Cintas to inquire about renting uniforms for the business's employees. Mark Poeppelmeier, a salesman for Cintas, testified at trial that when he had first met with Tanner to discuss the rental agreement, Tanner had indicated that she would review the proposal with Butts and contact Cintas in a few days. When Tanner confirmed that Mr. Bubbles was interested in renting uniforms, Poeppelmeier met with Tanner at the business's offices. Poeppelmeier testified that Tanner's desk had been situated outside of Butts's office, and that Butts had been present when Tanner signed the rental contract. Poeppelmeier testified that Tanner had taken the contract into Butts's office to explain the terms of the contract, including its five-year term, that he had heard Butts tell Tanner, "That's fine," and that Tanner had then returned to her desk and had signed the contract in her capacity as office manager. Poeppelmeier then measured the employees for the uniforms.
 {¶ 4} For over a year, Cintas delivered rental uniforms to Mr. Bubbles, and Mr. Bubbles paid the monthly fee. But in December 2001, Mr. Bubbles stopped paying the monthly rental fee. Butts testified that on the day Tanner and Poeppelmeier had met at Mr. Bubbles's offices, he had told Tanner that he "did not do contracts" and had then slammed the door. Butts further testified that when Cintas had begun to deliver the uniforms, Tanner had told him that the parties had agreed to a month-to-month rental.
 {¶ 5} In his first assignment of error, Butts claims that the contract was not valid because he had not signed it. Specifically, Butts argues that the rental contract could not have been performed in one year, and thus, Ohio's statute of frauds, required the contract to have been in writing and to have been signed by the party to be charged.[1]
 {¶ 6} The rental contract could have been performed within one year, because it gave Mr. Bubbles the option of terminating the agreement if Cintas was unable to resolve any material complaints. As such, it was not subject to the statute of frauds. Therefore, we overrule the first assignment of error.
 {¶ 7} In his second assignment of error, Butts asserts that the "trial court erred in finding that a contract existed by virtue of apparent agency." Specifically, Butts argues that Tanner was not his agent and did not have authority to sign the contract. We disagree.
 {¶ 8} It is well established that the question of whether an agency relationship exists is one of fact.[2] Here, the trial court's finding that Tanner was Butts's apparent agent is supported by Poeppelmeier's testimony (1) that Tanner had initiated Mr. Bubbles's contact with Cintas for the rental of employee uniforms, (2) that she had met with Poeppelmeier at the offices of Mr. Bubbles, (3) that she had provided information for and had signed the credit-check application, (4) that she had introduced Poeppelmeier to Butts, and (5) that Poeppelmeier had heard Tanner explain the contract and its terms to Butts and had heard Butts respond to her inquiry into whether to approve the contract, "That's fine." Although Butts presented conflicting testimony on whether Tanner had authority to sign the contract as his agent, the trial court found Poeppelmeier's testimony more credible. We must defer to the trial court's finding in this respect, because as the trier of fact, it was "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony."[3]
 {¶ 9} Because the facts in the record support a determination that Tanner was Butts's agent, and that she had apparent authority to sign the contract, we hold that a valid contract existed between Mr. Bubbles and Cintas. Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] R.C. 1335.05.
[2] See Damon's Missouri, Inc. v. Davis (1992), 63 Ohio St.3d 605, 612590 N.E.2d 254.
[3] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273; accord Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118.