JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ivan Crnic ("Crnic"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, American Republic Insurance Company ("American Republic"). Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2004, Crnic met with Bruce Arnoff ("Arnoff"), an agent of American Republic. Arnoff assisted Crnic with the completion of an application for health insurance with American Republic.[1] The application *Page 3 
contained questions about Crnic's health and medical history. In particular, the application questioned his smoking and any prior treatment for high cholesterol, hypertension, lung problems, back problems, and mental disorders, to which Crnic responded in the negative. When asked about his medical history, Crnic responded that his last health care provider visit was in December 2001. He indicated that the results of this visit were "all normal."
 {¶ 3} The application also contained statements on the first page and the last page warning Crnic that the applicant is responsible for providing accurate information and that American Republic relies on the information provided by Crnic in its underwriting review. Crnic signed the application in February 2004 and it was returned to American Republic for processing. Based on the information contained in Crnic's application, American Republic issued Crnic a health insurance policy in March 2004.
 {¶ 4} In April 2004, Crnic was hospitalized because of health complications related to smoking. Crnic submitted claims to American Republic for his treatment and hospitalization. During the claim evaluation process, American Republic determined that the information on Crnic's application was false. American Republic rescinded the policy (effective the date of issue) and refunded Crnic's premium. Crnic contacted an attorney and negotiated a *Page 4 
settlement with American Republic, in which American Republic agreed to provide Crnic with a retroactive health insurance policy consistent with his current state of health and medical history in exchange for his payment of back premiums. Crnic accepted this settlement in January 2005, but failed to make the premium payments. Therefore, American Republic cancelled the subsequent policy.
 {¶ 5} In August 2005, Crnic filed suit against American Republic for breach of contract, negligence, and bad faith refusal to pay, and also against Arnoff for negligence and fraud. American Republic filed its motion for summary judgment in March 2006. Crnic filed his brief in opposition in April 2006. In May 2006, the trial court granted American Republic's motion for summary judgment. Crnic then voluntarily dismissed his claims against Arnoff with prejudice. Crnic now appeals, raising one assignment of error in which he argues that the trial court erred when it granted American Republic's motion for summary judgment.
 {¶ 6} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v. LaPine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows: *Page 5 
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph judgment three of the syllabus. The party moving for summary bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
 {¶ 8} In cases involving the alleged fraudulent non-disclosure by an applicant in a health insurance application, the "material facts" (as referenced in Civ.R. 56) are those relating to the elements in R.C.3923.14, which provides that:
 "The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, or be used in evidence at any trial to recover upon such policy, unless it is clearly provided [1] that such false statement is willfully false, [2] that it was fraudulently made, [3] that it materially affects either the *Page 6 acceptance of the risk or the hazard assumed by the insurer, [4] that it induced the insurer to issue the policy, and [5] that but for such false statement the policy would not have been issued."
 {¶ 9} The insurance company must prove these elements by clear and convincing evidence. Heekin v. Mutual of Omaha Ins. Co. (Jan. 19, 1989), Cuyahoga App. No. 54954. As the reviewing court, we examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. See Ford v. Osborne (1887),45 Ohio St. 1, 12 N.E. 526; Cole v. McClure (1913), 88 Ohio St. 1,102 N.E. 264; Frate v. Rimenik (1926), 115 Ohio St. 11, 152 N.E. 14.
 {¶ 10} Thus, we must decide whether the trial court had sufficient evidence before it to conclude, in viewing the evidence most favorably for Crnic, that reasonable minds would hold a "firm belief or conviction" that the elements of R.C. 3923.14 had been proven.Heekin, supra.[2]
 {¶ 11} The first two elements under R.C. 3923.14 require that the statement be willfully false and fraudulently made. To constitute a "willfully *Page 7 
false" and "fraudulently made" statement, the statement must be "knowingly false," as defined in Buemi, supra, and Redden v.Constitution Life Ins. Co. (1961), 172 Ohio St. 20, 173 N.E. 2d 365, at the syllabus, which states:
 "Under the terms of a contract for health and accident insurance, a recovery is precluded by false answers knowingly given by the insured to material questions contained in his signed application or where the insured on delivery of the policy discovers that such answers are false and he then conceals such falsity from the insurer."
 {¶ 12} Moreover, the court in Prudential Ins. Co. v. Carr (1964), 199 N.E.2d 412, interpreted the Redden syllabus in the following manner:
 "`The significance of the syllabus is that it recognizes that, when an applicant makes a knowingly false answer to a question in the application, such answer satisfies the statutory requirement that it be `willfully false' and `fraudulently made.'"
 {¶ 13} Crnic argues that American Republic failed to demonstrate that it properly rescinded his health insurance policy as required by R.C.3923.14. Crnic maintains American Republic failed to demonstrate that he knowingly and fraudulently provided false information regarding his medical history and that he submitted a fraudulent application. We disagree.
 {¶ 14} In the instant case, American Republic's application asked Crnic if he had ever been treated for problems with his lungs, heart, back or mental/nervous system. The application also asked whether he had smoked cigarettes in the past ten years. In each instance, Crnic responded in the *Page 8 
negative. However, he admitted at his deposition that he was a long-time smoker and that he had been prescribed oxygen, Prednisone, Zocor, and Altenolol.
 {¶ 15} When asked about his medical history, Crnic responded that his last doctor's visit was a normal checkup in December 2001. However, American Republic obtained Crnic's medical records, which revealed that he was currently being seen by health care providers at Kaiser at the time of his application. His records also reveal that he had suffered from chronic obstructive pulmonary disorder ("COPD") and hypertension for the past few years, as well as, back pain for the previous year, and insomnia for the past few months.
 {¶ 16} Furthermore, Crnic signed the application verifying that the information he provided was true and accurate. The record reveals that Crnic made no effort to review the application before signing it. He did not ask Arnoff to review the completed application with him, he did not ask his employee, who was present at the time, to review the application, nor did he ask to take the application home to review it. When he received the policy in the mail, it contained a notice requesting he review the policy and contact American Republic within 10 days if it was incorrect. However, he made no effort to contact American Republic with any new information.
 {¶ 17} Crnic had the opportunity to review the answers provided on the application and he chose not to bring the false statements to light. When such *Page 9 
opportunities are afforded to read and review the application to assure the accuracy of its contents, this court will not reward the insured by finding in his favor. See El-HaKim v. American Gen. Life and AccidentCo. (Aug. 20, 1999), Mahoning App. No 97 CA 6.
 {¶ 18} Moreover, an insurance applicant's signature and assent that the statements contained in the application are correct serves, as a matter of law, as his adoption of the statements notwithstanding a claimed failure to review the application. See Buemi, supra. Having signed the application, the individual adopts and ratifies all statements appearing above the signature line regardless of whether he specifically provided answers. Id. Furthermore, once the insurance policy is issued and has been accepted by the insured, he is presumed to know the policy's contents and is bound by its terms. Travelers Ins. Co.v. Myers (1900), 62 Ohio St. 529, 541, 57 N.E. 458 (overruled on other grounds); El-Ha Kim, supra. Thus, when Crnic signed the application and failed to correct the policy after he received it, he adopted and ratified all statements in the application regardless of whether he specifically provided the answers.
 {¶ 19} Therefore, we find that the requirements of R.C. 3923.14 that the false statements be "willfully false" and "fraudulently made" were satisfied.
 {¶ 20} With respect to the remaining three requirements of R.C.3923.14, we find that the trial court properly determined that all had been satisfied. *Page 10 
 {¶ 21} The affidavit of Kathryn Lee ("Lee"), underwriting director for American Republic, demonstrates that Crnic's false statements "materially affect[ed] either the acceptance of the risk or the hazard assumed," "induced the insurer to issue the policy," and "but for such false statement the policy would not have been issued." See R.C.3923.14. Lee's affidavit states that if American Republic had been aware of the true state of Crnic's health, the specific policy would not have been issued.
 {¶ 22} Thus, we find that the trial court did not err in granting summary judgment in favor of American Republic. In construing the evidence most favorably for Crnic, we find that reasonable minds could only conclude that American Republic clearly and convincingly proved each element of R.C. 3923.14.
 {¶ 23} Crnic also argues that the information obtained by Arnoff, as an agent of American Republic, should have been imputed to American Republic. He maintains that he advised Arnoff of his tobacco use and medication for breathing difficulties. He further maintains that Arnoff devised a plan to generate false answers even though Crnic instructed Arnoff to answer the questions truthfully. Therefore, he argues that American Republic is vicariously liable for Arnoff s conduct and its rescission of the policy was improper. We disagree. *Page 11 
 {¶ 24} American Republic is not bound to continue coverage under the policy because the record demonstrates that Arnoff s authority as an agent was limited in scope. In agency law, an agent may bind the principal when he is acting within the scope of his actual authority.Damons Missouri, Inc. v. Davis (1992), 63 Ohio St.3d 605, 608,590 N.E.2d 254. Actual authority arises when it is expressly and directly granted to an agent in express terms by the principal or when it is impliedly granted as is reasonably necessary to carry into effect the power expressly conferred. Id.
 {¶ 25} Similarly, a principal can become bound by the acts of his agent under the doctrine of apparent authority when the principal holds the agent out to the public as having authority to act and the third-party reasonably believed that the agent had such authority.Master Consolidated Corp. v. BancOhio Natl. Bank (1991),61 Ohio St.3d 570, 576-577, 575 N.E.2d 817.
 {¶ 26} Assuming that Arnoff knew of Crnic's pre-existing conditions, but nonetheless chose to provide the incorrect information on the form, his actions cannot serve to bind American Republic to continue providing coverage under the policy at issue because the application specifically states that:
 "The Company [American Republic] does not authorize any agent * * * to accept risk, pass on the acceptability for insurance, or make, change, or end any insurance contract."
 * * *
 I [Arnoff] CERTIFY that the answers given to the foregoing questions in this application were provided by the applicant; I have no information to add to the application that could affect the acceptance or rejection of the risk * * *."
 {¶ 27} As this language indicates, if in fact Arnoff advised Crnic to falsify information regarding his smoking history, Arnoffs actions cannot bind American Republic. The language used by American Republic clearly states that agents of the company do not have the authority to participate in this type of act. By including this language in the application, American Republic essentially conveyed to any potential applicant that no insurance agent had actual or apparent authority to go beyond or outside of the terms of the application. Therefore, Arnoffs actions cannot be imputed to American Republic and provide no grounds for holding it liable.
 {¶ 28} Thus, upon reviewing the record, a reasonable trier of fact could only conclude that Crnic falsely answered the questions on his application, and therefore, American Republic was entitled to summary judgment as a matter of law.
 {¶ 29} Accordingly, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MELODY J. STEWART, J., CONCUR.
[1] Crnic is a fifty-five year old Yugoslavian immigrant who came to the United States at age seventeen and claims to have limitations with the English language, despite owning a machine shop.
[2] We also note that the relationship between an insurance company and an applicant for health insurance is one of trust. In Buemi v.Mutual of Omaha Ins. Co. (1987), 37 Ohio App. 3d 113, 524 N.E.2d 183, this court held that: "When an insurer issues a health insurance policy without a medical examination of the insured, it places total reliance on the information gathered from the insured. Consequently, the relationship between the insurer and the insured is fiduciary in nature and requires the parties to use the utmost good faith in their dealings." In the instant case, Crnic did not undergo a medical examination as part of the application process. Therefore, Crnic owed American Republic the utmost good faith in completing his application. *Page 1